IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSALIO B. GAMON,

        Plaintiff,

vs.                                              CIVIL NO.   07-1112 LFG/LAM

JOHN DOE,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING LIMITED WAIVER OF COSTS
## AND DISMISSING LAWSUIT WITHOUT PREJUDICE

### Waiver of Filing Fee

Plaintiff Rosalio B. Gamon ("Gamon") seeks the Court's order authorizing him to proceed with this litigation without the payment of costs or fees. The *in forma pauperis* statute, 28 U.S.C. § 1915 authorizes a court to waive filing fees and various court costs. The intent of this statute is to facilitate access to courts and to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

Gamon submitted an affidavit indicating that he is unemployed, but receives unemployment insurance as well as food stamps. He has no stocks, bonds and, except for $5.00, has no savings or other assets to utilize in the prosecution of this litigation. Based on Gamon's affidavit, the Court will authorize the filing of his complaint without payment of the filing fee.

### Sua Sponte Analysis of Complaint

While Congress removed barriers to court process for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992).

Due to this congressional concern, federal courts were authorized to dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, a federal court may now conduct a *sua sponte* review of a complaint pursuant to this section to determine if the complaint can withstand Fed. R. Civ. P. 12(b)(6) scrutiny. The court may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

In reviewing a *pro se* complaint, the court applies the same legal standards applicable to pleadings drafted by counsel, but remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). It is with these standards in mind that the Court reviews Gamon's Complaint.

## Insufficient Allegations of Federal Court Jurisdiction

It is unclear why this complaint was filed in federal court. It does not appear to raise a federal question nor does it arise under the Constitution or any federal statute. There is no allegation of diversity of citizenship nor a monetary amount which is requisite for federal jurisdiction, nor does Gamon assert any claim under 42 U.S.C. § 1983, as he does not allege that some person acting under color of state or territorial law deprived him of a federally protected right. Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980); West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988).

It is unclear, but it appears that Gamon's lawsuit relates to business property located at 105 North Main Street, in Anthony, Texas. There is nothing in the complaint demonstrating why this property should be the subject of a federal court intervention. Gamon's petition is deficient in that the assertions of federal jurisdiction are lacking. Thus, Gamon fails to state a cause of action that is sustainable under 12(b)(6).

## **Lack of a Suable Entity or Individual**

Gamon fails to identify a defendant in this cause of action. In the body of his petition, he identifies someone who he states is "Federal Judge Michael J. Duncan, presiding judge for the Town of Anthony, Texas." A review of the federal bar directory indicates that there is no Federal Judge Michael J. Duncan in the State of Texas. Gamon contends that Federal Judge Duncan "issued a cause number to the property located at the mentioned address . . . ." It is unclear whether Gamon is contending that Federal Judge Michael Duncan violated Gamon's right by issuing "a cause number to the property . . . ." However, even if this property referred to by Gamon was the subject of some *in rem* action before some court, judicial immunity would absolutely protect whatever judge issued the order so long as the judge was acting within his or her jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1105 (1978); Pierson v. Ray, 386 U.s. 547, 553-54, 87 S. Ct. 1213, 1217-18 (1967). Thus, to the extent Gamon sought to assert a claim against the purported Federal Judge Michael J. Duncan, his claim would be barred pursuant to absolute immunity.

The only other individuals mentioned in the complaint include Joe Castillo, a judge king, and "Sheriff Lt. Peters." Gamon fails to indicate who these individuals are or how, if at all, they may have violated his rights. No defendant is identified in the style of the case or the body of the petition and, of course, without an identifiable defendant, service of process cannot be effected as required under Fed. R. Civ. P. 4(m).

Even affording Gamon's petition a liberal reading as required under law, <u>Northington v. Jackson</u>, the Court is unable to decipher any cause of action. Because Gamon's allegations fail to state a cause of action and fail to satisfy the Court that it has jurisdiction, the Court will dismiss this matter without prejudice.

If Gamon files another complaint in this or another federal court, he is admonished to comply with the pleading requirements of Fed. R. Civ. P. 8 and the investigative and certification requirements of Fed. R. Civ. P. 11.

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice.

Dated November 26, 2007.

s/John Edwards Conway
_____
SENIOR U.S. DISTRICT JUDGE